UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

YEINIS BARBARA MARTINEZ
LANDRIAN
*as next friend of*
YEINIER DAMIAN MARTINEZ
LANDRIAN,

          Petitioner,

v.                 No. 1:26-CV-00014-H

WARDEN, BLUEBONNET
DETENTION CENTER,[1]

         Respondent.

### NOTICE OF DEFICIENCY AND ORDER

   Yeinis Barbara Martinez Landrian, a third-party, non-lawyer individual, filed a petition for writ of habeas corpus on behalf of an immigrant detainee confined in the Bluebonnet Detention Center. Dkt. No. 1. She did not pay the filing fee.

   The petition challenges the prolonged detention of Yeinier Damian Martinez Landrian pending removal proceedings, and Yeinis[2] purports to represent Yeinier's interests as next friend. Dkt. No. 1. Yeinis explains that she is the twin sister of Yeinier and a lawful permanent resident. *Id.* at 2. Yeinier did not sign the petition, however. Nor is there any indication that Yeinier consented to, or even knows about, the filing of this case. As explained below, this case cannot proceed as filed, but the Court will give Yeinier Damien Martinez Landrian an opportunity to pursue his claims on his own behalf.

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Bluebonnet Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

[2] Because Yeinis and Yeinier have the same surname, the Court will refer to them by their first names to avoid confusion.

1. **Legal Authority**

Non-attorney individuals may not use the next-friend device as a pretense for the unauthorized practice of law. *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). And detainees are not entitled to legal representation by a lay person. *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989).

The federal habeas statutes provide a limited avenue for next-friend standing, but it is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (discussing 28 U.S.C. § 2242). The burden is on the purported next friend to justify his or her participation in the action. *Id.* at 164. And courts consistently require evidence of "at least two firmly rooted prerequisites"—(1) an adequate explanation for why the real party in interest cannot appear on his or her own behalf, such as inaccessibility, mental incompetence, or other disability, and (2) true dedication to the best interests of the real party in interest, which may require a "significant relationship" between the purported next friend and the subject of the petition. *Id.*

Additionally, the Court notes that in narrow circumstances, "jailhouse lawyers" are permitted to help fellow prisoners file habeas petitions. *Johnson v. Avery*, 393 U.S. 483, 484 (1969); *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979). But jailhouse lawyers are *not* actually lawyers, and they are not afforded special privileges like attorney-client privilege. *Bonacci*, 868 F.2d at 1443. Moreover, the rights of access-to-courts and assistance from a jailhouse lawyer belong solely to the person in need of legal services, not to the jailhouse lawyer. *See Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). Finally, a jailhouse lawyer cannot bring a claim on behalf of another inmate who is capable of bringing such a claim in his own name. *See Johnson*, 393 U.S. at 490.

2. Analysis

Here, Yeinis is not a lawyer—or even a jailhouse lawyer—and she has no authority to file legal claims on behalf of other individuals. She has not demonstrated that Yeinier is incapable of appearing on his own behalf. She asserts without support that "[d]ue to his detention, [Yeinier] is unable to file this habeas corpus petition on his own." Dkt. No. 1 at 3. But she provides no details and stops short of suggesting that Yeinier is incompetent or suffers from any other disability or incapacity. Moreover, she provided no evidence to support her statements.

And although the Court trusts that Yeinis is attempting to act in the best interests of Yeinier, her relationship as his twin sister alone does not entitle her to next-friend status. *See, e.g., State of Texas v. Prek on behalf of Prek*, No. 4:17-CV-865-O, 2017 WL 6766187, at *1 (N.D. Tex. Oct. 30, 2017) (finding that a wife who sought to proceed as next friend on behalf of her husband did not meet her burden for next friend status when the wife did not provide any documentary evidence of her husband's alleged mental and physical disabilities); *United States v. Barrandey*, MO:11-CR-00048(2)-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (explaining that "[c]ourts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence" and finding that "where, as here, a prospective next friend does not even allege that the prisoner in question is incompetent, the prospective next friend has clearly failed to meet his burden under *Whitmore*") (citing authorities); *Romanov on behalf of Romanova v. Frink*, No. CV H-25-3133, 2025 WL 2162290, at *3 (S.D. Tex. July 30, 2025) (finding that a son could not file a habeas petition as next friend of his mother, who was detained by immigration authorities, absent supporting evidence of her incapacity).

Additionally, the requirements of Federal Rule of Civil Procedure 11, related to signing pleadings and making representations to the Court, apply here. And public access is limited in proceedings like this one that relate to immigration detention. Fed. R. Civ. P. 5.2(c). Yeinier did not sign the petition, nor is there any suggestion that he is even aware of it. Simply put, Yeinis has not demonstrated that she is entitled to file a habeas petition on behalf of Yeinier, nor does she have a right to remotely access information about this proceeding.[3] But Yeinier has the right to pursue habeas relief on his own behalf or with the assistance of a licensed attorney.

3.  **Conclusion and Instructions**

The Clerk is directed to change the caption of this case to reflect that the only proper petitioner is Yeinier Damian Martinez Landrian, who is proceeding pro se. Yeinis will be removed as a party to the case. However, the case cannot proceed without any suggestion of interest from Yeinier.

As a result, if Petitioner Yeinier Damien Martinez Landrian wishes to pursue these habeas claims, he must file an amended petition and either pay the $5.00 filing fee or file an application to proceed *in forma pauperis* within 30 days. The amended petition must be signed. The Court cautions Yeinier that an amended petition will supersede and replace the original petition, so he must include all applicable grounds for relief in the amended petition. **If Yeinier fails to timely file an amended petition, the Court will dismiss this action for want of prosecution without further notice.**

The Clerk is directed to mail a copy of this order to Yeinis. But she will not receive any further notice of the proceedings here. The Clerk is also directed to mail Petitioner Yeinier Damien Martinez Landrian a copy of the original petition filed here, Dkt. No. 1, an application

---

[3]The Clerk received the petition in the mail. Yeinis did not register for electronic filing, but electronic access for non-lawyer individuals is prohibited in this type of case. Yeinis lives in Odessa, Texas, more than 150 miles from the Courthouse in Abilene. So even if Yeinis could legally represent the petitioner—which she cannot—from a practical perspective it would be difficult for her to prosecute this case.

to proceed *in forma pauperis*, a certificate of inmate trust account, and a blank Section 2241 form marked, "amended" and stamped with this cause number.

Dated January 13, 2026.

JAMES WESLEY HENDRIX
United States District Judge